%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Johnny Evans Marks
1817 Pemberton Street,

### DEFENDANTS
Philadelphia Industrial Correctional Center

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Stewart C. Crawford & Associates
Stweart C. Crawford, Jr, Esq

Attorneys (If Known)
Craig Straw, Chief Deputy City Solicitor
1515 Arch STreet, 14th Floor, Phila. PA ,19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441

Brief description of cause:
This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE: 09/09/2014
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY EVANS MARKS**<br>as administrator of the estate of<br>**TROY EVANS MARKS, deceased**<br>**1817 Pemberton Street**<br>**Philadelphia, PA 19146**<br><br>            Plaintiff,<br><br>vs.<br><br><br>**PHILADELPHIA INDUSTRIAL**<br>**CORRECTIONAL CENTER**<br>**8301 State Road**<br>**Philadelphia, PA 19136**<br><br>            Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. _____<br><br><br><br><br><br><br><br>Formerly,<br>**Court of Common Pleas**<br>**Philadelphia County**<br>**No. 131002506** |

## NOTICE OF REMOVAL

**To the Honorable Judges of the United States District Court for the Eastern District of Pennsylvania.**

Pursuant to 28 U.S.C. § 1441, defendants, Philadelphia Industrial Correctional Center, (hereinafter "petitioner") through its counsel, Craig Straw, Chief Deputy City Solicitor, respectfully petition for the removal of this action to the United States District Court for the Eastern District of Pennsylvania. In support thereof, defendant states the following:

1. In October, 2013, plaintiff initiated this action by a Complaint in the Court of Common Pleas in Philadelphia, October Term, 2013; No. 2506 (Exhibit A - Complaint).

2. On August 26, 2014 said Complaint was served on Petitioner at 8301 State Road, Philadelphia, Pennsylvania.

3. Plaintiff alleges that on or about October 26, 2011 they sustained damages when their civil rights were violated by the defendant. (Exhibit A ).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1441 since Plaintiff's Complaint contains allegations of violations of the plaintiff's Federal Civil Rights and seeks relief under 42 U.S.C. § 1983. (Exhibit A)

**Wherefore,** petitioner, Philadelphia Industrial Correctional Center, respectfully request that the captioned Complaint be removed to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Craig M. Straw
Chief Deputy City Solicitor

*/s/ Craig Straw*

**Craig Straw
Chief Deputy City Solicitor
Attorney I.D. No. 78121**
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5442

Date: 9-9-14

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY EVANS MARKS<br>as administrator of the estate of<br>TROY EVANS MARKS, deceased<br>1817 Pemberton Street<br>Philadelphia, PA 19146 | : <br> : <br> : <br> : <br> : <br> : | |
| Plaintiff, | : <br> : | No. _____ |
| vs. | : <br> : <br> : | |
| PHILADELPHIA INDUSTRIAL<br>CORRECTIONAL CENTER<br>8301 State Road<br>Philadelphia, PA 19136 | : <br> : <br> : <br> : <br> : | Formerly,<br>Court of Common Pleas |
| Defendant. | : <br> : | Philadelphia County<br>No. 131002506 |

## NOTICE OF FILING OF REMOVAL

TO: Stewart C. Crawford, Jr, Esquire
223 North Monroe Street
Media, PA 19063

PLEASE TAKE NOTICE THAT on September 9, 2014, defendant filed, in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania a verified Notice of Removal.

A copy of this Notice of Removal is attached hereto and is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County, pursuant to Title 28, United States Code, Section 1446(e).

_____
Craig Straw
Chief Deputy City Solicitor
Attorney I.D. No. 78212
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
215-683-5442

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY EVANS MARKS : <br> as administrator of the estate of : <br> TROY EVANS MARKS, deceased : <br> 1817 Pemberton Street : <br> Philadelphia, PA 19146 : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> : <br> PHILADELPHIA INDUSTRIAL : <br> CORRECTIONAL CENTER : <br> 8301 State Road : <br> Philadelphia, PA 19136 : <br> : <br> Defendant. : <br> : | No. _____ <br><br><br><br><br> Formerly, <br> Court of Common Pleas <br> Philadelphia County <br> No. 131002506 |

## CERTIFICATE OF SERVICE

I, Craig Straw, Chief Deputy City Solicitor, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon the following by First Class Mail, postpaid, on the date indicated below:

TO:  Stewart C. Crawford, Jr., Esquire
     The Lawe Office of Stewart C.Crawford & Associates
     223 North Monroe Street
     Media, PA 19063

                                        Craig Straw
                                        Chief Deputy City Solicitor
                                        Attorney ID No. 78212
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA  19102
                                        215-683-5442

Date: 9-9-14

Exhibit "A"

THE LAW OFFICES OF STEWART C. CRAWFORD & ASSOCIATES
By: Stewart C. Crawford, Jr., Esquire
Attorney Id. No.: 202188
223 North Monroe Street
Media, Pa 19063
Telephone: (877)-992-6311
Web: www.subrolaw.us
E-Mail: scrawfordjr@subrolaw.us
Firm File No. H13-0055

*Attorney for Plaintiff*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

CIVIL ACTION-LAW

| | |
|---|---|
| JOHNNY EVANS MARKS, as administrator of the estate of TROY EVANS MARKS, deceased 1817 Pemberton Street Philadelphia PA 19146<br><br>Plaintiff,<br><br>vs.<br><br>PHILADELPHIA INDUSTRIAL CORRECTIONAL CENTER 8301 State Road Philadelphia, PA 19136<br><br>Defendant. | IN CIVIL ACTION NO.<br>131002506<br><br><br><br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are further warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plaza al partir de la fecha de la demanda y la notificacion. Hace faita asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma sus defensas o sus objectiones a las demandas en contra de su persona. Ses avisado que si usted no se defiende la corte tomara modidas ypuede continuar ila demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiera que usted cumpia con todas las provisions de esta demanda. Usted puede perder dinero o sus propiedaces u otros derechos inportantes para usted.

USTED DEBE LLEVAR ESTA AVISO A UN ABOGADO ENESEQUIDA. SI USTED NO TIENE UN ABOGADO Y NO PUEDE PAGAR LOS SERVICIOS DE UN ABOGADO, DEBE COMUNICARSE CON LA SIGUIENTE OFICINA PARA AVERIGUAR DONDE PUEDE OBTENER AYUDA LEGAL.

**Lawyers' Referral Service
Front and Lemon Streets
Media, PA 19063
(610) 566-6625**

RECEIVED

AUG 26 2014

WARDEN'S OFFICE
P.I.C.C.

THE LAW OFFICES OF STEWART C. CRAWFORD & ASSOCIATES
doing business as CRAWFORD LAW
By: Stewart C. Crawford, Jr., Esquire
Attorney Id. No.: 202188
223 North Monroe Street
Media, Pa 19063
Telephone: (877)-992-6311
Web: www.subrolaw.us
E-Mail: www.crawfordlaw.org
Firm File No. H13-0055

*Attorney for Plaintiff, John Marks, as Administrator of the Estate of Troy Marks*

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY,
PENNSYLVANIA

CIVIL ACTION-LAW

| | |
|---|---|
| JOHNNY EVANS MARKS, | IN CIVIL ACTION NO. |
| as administrator of the estate of TROY EVANS MARKS, deceased | 131002506 |
| 1817 Pemberton Street | JURY TRIAL DEMANDED |
| Philadelphia, PA 19146 | |
| Plaintiff, | |
| vs. | |
| PHILADELPHIA INDUSTRIAL CORRECTIONAL CENTER | |
| 8301 State Road | |
| Philadelphia, PA 19136 | |
| Defendant. | |

## COMPLAINT

Plaintiff, Johnny Evans Marks, as administrator of the estate of Troy Evans Marks, deceased (the "Estate") by and through its undersigned attorney, hereby alleges and states as follows:

## THE PARTIES

1

1. Plaintiff, Johnny Evans Marks, as administrator of the estate of Troy Evans Marks, deceased (the "Estate") is an adult individual, residing at the above address. Officer Marek is employed by the defendant as a corrections officer and brother of the deceased.

2. Upon information and belief, defendant, Philadelphia Industrial Correctional Center (the "Prison"), is a political entity (and/or agent of the Federal, State, and Local government) authorized to transact business in the Commonwealth of Pennsylvania. At all times hereto, defendant was acting under the color of law.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

3. On or about October 26, 2011, Troy Evans Marks ("Troy Marks"), was found deceased in his cell.

4. At the time of his death, Troy Marks was an inmate of the prison, remanded to their care custody and control. This included medical care.

5. Upon information and belief, Troy Marks slowly bled to death over an extended period of time (at least several hours).

6. Troy Marks suffered from several ailments, known to the prison. Those ailments required special care and included HIV, Hepatitis, hypertension, and significant mental health concerns.

7. Notwithstanding these medical needs, Troy Marks was housed in a general population cell rather than in a medical ward (or special facility) where he would have received the needed medical supervision.

8. The circumstances of the death reflect that Troy Marks did not received the appropriate care custody and control with respect to his known medical conditions; had the prison acted properly, medical attention could have prevented his death.

9. It is also believed that the guards assigned to watch Troy Marks (in his general population cell) were inattentive to the fact that he was bleeding to death slowly over time and/or ignored calls for help by inmates.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

## COUNT I- CONSTITUTIONAL VIOLATIONS
(Plaintiff vs. Defendant Prison)

10. Plaintiff repeats and re-alleges all of the foregoing paragraphs as well as all of the following paragraphs, as if they were set forth herein at length.

11. The Prison wrongfully violated Troy Marks' right to be free from cruel and unusual punishment and/or violated his due process rights under the Pennsylvania Constitution and under the Federal Constitution including the 8th Amendment and the 14th Amendment.

12. As a result of those violations, Plaintiff has suffered damages

13. The Prison is liable for those damages.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

## COUNT II- NEGLIGENCE
(Plaintiff vs. Defendant Prison)

14. Plaintiff repeats and re-alleges all of the foregoing paragraphs as well as all of the following paragraphs, as if they were set forth herein at length.

15. The Prison had a duty to protect Troy Marks from the type of harm he sustained. This included a duty of supervision, care, custody, and control.

16. The prison breached various duties resulting in harm to Troy Marks

17. The prison is liable for those damages.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

### COUNT III- EMOTIONAL DISTRESS
(Plaintiff vs. Defendant Prison)

18. Plaintiff repeats and re-alleges all of the foregoing paragraphs as well as all of the following paragraphs, as if they were set forth herein at length.

19. As a result of the neglect, and the nature of the death (i.e. the slow death), Troy Marks and Plaintiff have suffered injury in the form of emotional distress.

20. The prison is liable for those injuries.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

4

## COUNT IV- WRONGFUL DEATH
(Plaintiff vs. Defendant Prison)

21. Plaintiff repeats and re-alleges all of the foregoing paragraphs as well as all of the following paragraphs, as if they were set forth herein at length.

22. As a result of the actions of the defendant, Plaintiff has become deceased and incurred consequently certain expenses

23. The prison is liable for those injuries pursuant top 42 *Pa.C.S* § 8301.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

## COUNT V- SURVIVAL
(Plaintiff vs. Defendant Prison)

21. Plaintiff repeats and re-alleges all of the foregoing paragraphs as well as all of the following paragraphs, as if they were set forth herein at length.

22. As a result of the actions of the defendant, Plaintiff has become deceased and incurred consequently certain expenses

23. The prison is liable for those injuries pursuant top 42 *Pa.C.S* § 8302.

WHEREFORE, Plaintiff demands judgment on behalf of the estate and heirs in excess of $50,000, for the aforementioned damages, in addition to interest from the date of the loss, the costs of this lawsuit, certain administrative costs, statutory attorney fees, statutory liquidated damages, and whatever additional relief the Court may deem proper.

By: ____/s/ Stewart Crawford_____
    Stewart C. Crawford, Jr., Esquire

*Attorney for Plaintiff*

Date: August 22, 2014

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct and understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities. I affirm that I am a duly authorized legal representative of Plaintiff


By: ___/s/s Stewart Crawford_____
       Stewart Crawford


Dated:  Date: August 22, 2014

Firm File No.: H13-0055
THE LAW OFFICES OF STEWART C. CRAWFORD & ASSOCIATES
By: Stewart C. Crawford, Sr., Esquire
Attorney Id. No.: 09827
223 North Monroe Street
Media, Pa 19063
Telephone: (877)-992-6311, ext. 21
Web: www.subrolaw.us
E-Mail: sccrawford@subrolaw.us

*Attorney for Plaintiff*

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA
### CIVIL ACTION-LAW

| | | |
|---|---|---|
| JOHNNY EVANS MARKS<br>as administrator of the estate of<br>TROY EVANS MARKS, deceased<br>1817 Pemberton Street<br>Philadelphia PA 19146 | : <br> : <br> : <br> : <br> : | IN CIVIL LAW <br><br><br> NO.: 131002506 |
| v. | : | |
| PHILADELPHIA INDUSTRIAL<br>CORRECTIONAL CENTER<br>8301 State Road<br>Philadelphia PA 19136 | : <br> : <br> : <br> : | |

### CERTIFICATE OF SERVICE

I, Stewart C. Crawford, Esquire, Attorney for Plaintiff, hereby certify that a true and correct copy of the attached Complaint was served by certified mail on August 22, 2014 upon the defendant at the address set forth below.

                Philadelphia Industrial
                Correctional Center
                8301 State Road
                Philadelphia, PA 19136

                                _/s/ Stewart Crawford_____
                                Stewart C. Crawford, Esquire
                                Attorney for Plaintiff

Dated: August 22, 2014

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1817 Pemberton Street, Philadelphia, PA 19146

Address of Defendant: _____ City of Philadelphia Law Department, 1515 Arch Street, 14th Floor, Philadelphia, PA 19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)).    Yes ☐    No ☐

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☐
*RELATED CASE IF ANY:*

Case Number: _____ Judge _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☐

CIVIL: (Place   in ONE CATEGORY ONLY)

A. *Federal Question Cases:*    B. *Diversity Jurisdiction Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts    1. ☐ Insurance Contract and Other Contracts
2. ☐ FELA    2. ☐ Airplane Personal Injury
3. ☐ Jones Act – Personal Injury    3. ☐ Assault, Defamation
4. ☐ Antitrust    4. ☐ Marine Personal Injury
5. ☐ Patent    5. ☐ Motor Vehicle personal Injury
6. ☐ Labor-Management Relations    6. ☐ Other Personal Injury (Please specify)
7. ☐ Civil Rights    7. ☐ Products Liability
8. ☐ Habeas Corpus    8. ☐ Products liability - Asbestos
9. ☐ Securities Act(s) Cases    9. ☐ All other Diversity Cases
10. ☐ Social Security Review Cases    (Please specify)
11. ☐ All Other Federal Questions Cases (Please specify)

### ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Craig Straw, counsel of record do hereby certify:

☐ Pursuant to Local Rule 53.3 A, civil rights cases are excluded from arbitration.

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____    _____    78212
                                  **Craig Straw, Esquire**    Attorney I.D. #
                                  Attorney-at-Law

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    78212
                                  **Craig Straw, Esquire**    Attorney I.D. #
                                  Attorney-at-Law

CIV. 609 (4/03)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHNNY EVANS MARKS<br>as administrator of the estate of<br>TROY EVANS MARKS, deceased<br>1817 Pemberton Street<br>Philadelphia, PA 19146<br><br>       Plaintiff,<br><br>vs.<br><br><br>PHILADELPHIA INDUSTRIAL<br>CORRECTIONAL CENTER<br>8301 State Road<br>Philadelphia, PA 19136<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. _____<br><br><br><br><br><br><br><br><br>Formerly,<br>Court of Common Pleas<br>Philadelphia County<br>No. 131002506 |

**CASE MANAGEMENT TRACK DESIGNATION FORM**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241through § 2255.     ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from
    exposure to asbestos.     ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)     ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.     ( X )

| | | Defendants |
|---|---|---|
| Date | **Craig Straw, Esq.** | Attorney for |
| (215) 683-5442 | (215) 683-5437 | Craig.Straw@phila.gov |
| Telephone | FAX Number | E-mail Address |