IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY EVANS MARKS, as administrator of the estate of TROY EVANS MARKS, deceased, | : <br> : <br> :    CIVIL ACTION <br> : |
| Plaintiff, | : |
| v. | :    No. 14-5168 |
| PHILADELPHIA INDUSTRIAL CORRECTIONAL CENTER, | : <br> : <br> : |
| Defendant. | : |

MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                                   **OCTOBER 15, 2014**

Presently pending before the Court is Defendant Philadelphia Industrial Correctional Center's ("PICC") Partial Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim. Plaintiff, Johnny Evans Marks ("Marks"), as administrator of the estate of Troy Evans Marks ("Decedent"), filed a Response in opposition. For the reasons set forth below, PICC's Partial Motion is granted.

**I. BACKGROUND**

Count I - Constitutional Violations - alleges that PICC wrongfully violated Decedent's "right to be free from cruel and unusual punishment and/or violated his due process rights under the Pennsylvania Constitution and under the Federal Constitution including the 8th Amendment and the 14th Amendment."[1] Compl. ¶ 11. The Complaint alleges that the Decedent was found

---

[1] PICC explicitly states that it is not seeking dismissal of Marks' federal claim in Count I - Constitutional Violations. (Def.'s Mem. Law Support Partial Mot. to Dismiss at 3.) PICC states that "Count I of Plaintiff's Complaint is the only count that should survive this Partial Motion to Dismiss, however, this claim is properly brought against the City of Philadelphia, and not a department of the City such as PICC." (Id.)

deceased in his cell on or about October 26, 2011, and he "slowly bled to death over an extended period of time (at least several hours)." Id. ¶¶ 3, 5.  The Complaint contends that the Decedent suffered from several medical ailments known to PICC and that he did not receive the appropriate care, custody, and control by PICC which could have prevented his death. Id. ¶¶ 6-8. It is further alleged that "the guards assigned to watch Troy Marks (in his general population cell) were inattentive to the fact that he was bleeding to death slowly over time and/or ignored calls for help by inmates." Id. ¶ 9.  In addition to the constitutional claim, the Complaint alleges the following Pennsylvania State Court tort claims: Count II - Negligence; Count III - Emotional Distress; Count IV - Wrongful Death; and Count V - Survival.[2] Id. ¶¶ 14-23.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted.  Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Phila., No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005)).  In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff.  Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to

---

[2] The Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Marks' state law tort claims which "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  In this case, the state law claims "form part of the same case or controversy" as the constitutional violations claim.  Therefore, they are subject to supplementary jurisdiction under 28 U.S.C. § 1367.

determine whether to grant or deny a motion to dismiss.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleadings requirements to more "exacting scrutiny" of the complaint.  Wilson v. City of Phila., 415 F. App'x. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations.  Iqbal, 556 U.S. at 679.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Twombly, 550 U.S. at 555.  Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations.  Iqbal, 556 U.S. at 679.  These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8.  See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Where there are well-pleaded facts, courts must assume their truthfulness.  Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief.  Id. at 679.  This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. 544 at 570).  This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556

U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 F. App'x 670, 673 (3d Cir. 2010).

## III. DISCUSSION

### A. Claims Against PICC

As an initial matter, all claims against PICC will be dismissed. Pursuant to 53 Pa. C.S.A. § 16257, "[i]ndividual departments of the City of Philadelphia cannot be sued separately; instead the suit must be brought against the City of Philadelphia itself."[3] Russell v. City of Phila., 2010 WL 2011593, at *2 (E.D. Pa. May 19, 2010), aff'd, 428 F. App'x 174, 177 (3rd Cir. Apr 14, 2011). "Any claims brought against a department of the City of Philadelphia, therefore, must be dismissed as a matter of law." Id. (citing Regalbuto v. City of Phila., 937 F. Supp. 374, 377 (E.D. Pa. 1995)). "The Philadelphia Prison System is a department of the City of Philadelphia, and operates the PICC." Id. Since no suits can be maintained against PICC, dismissal of PICC is appropriate. See id., see also Washington v. City of Phila., No. 95-4737, 1996 WL 220984, at *2 (Apr. 30, 1996) ("Whereas the PICC is a department of the City of Philadelphia and does not

---

[3] 53 Pa. C.S.A. § 16257 provides in relevant part:
> [N]o such department [of the City of Philadelphia] shall be taken to have had . . . a separate corporate existence [from the City of Philadelphia] . . . and all suits growing out of their transactions and all claims to be filed . . . shall be in the name of the city of Philadelphia.

53 Pa. C.S.A. § 16257.

have a separate legal identity, all suits against the PICC must be brought in the name of the City.") Marks has named PICC as the sole Defendant. Since PICC is not a proper party defendant, this Court shall substitute the City of Philadelphia ("the City") in its place.[4] See Washington, 1996 WL 220984, at *2. Also, the caption of this case shall reflect that the City is the sole Defendant in this matter.

### B. *State Law Tort Claims*

The City seeks dismissal of all of Marks' state law tort claims on the grounds that these claims are barred by the Political Subdivision Tort Claims Act, 42 Pa. C.S.A. §§ 8541 *et seq.* ("PSTCA"). (Def.'s Mem. Law Support Partial Mot. to Dismiss at 6-8.) Specifically, the City seeks dismissal of Count II - Negligence; Count III - Emotional Distress; Count IV - Wrongful Death; and Count V - Survival. (Id.)

Marks argues that the PSTCA does not apply to this dispute. (Marks' Mem. Law Opp'n Def.'s Partial Mot. to Dismiss at 1.) He asserts that state sovereign immunity does not apply in this case under the "medical-professional" exception provided in 42 Pa. C.S. § 8522(b)(2).[5] (Id.) Bolstering his argument, but without any legal support, Marks asserts that the City was acting as

---

[4] The remainder of this Memorandum Opinion refers to the City as the sole Defendant.

[5] 42 Pa. C.S. § 8522(b)(2) provides in relevant part:

> (b) Acts which may impose liability - The following acts by a Commonwealth party may result in the imposition of liability on the Commonwealth and the defense of sovereign immunity shall not be raised to claims for damages caused by:
>
> (2) Medical-professional liability - Acts of health care employees of Commonwealth agency medical facilities or institutions or by a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

42 Pa. C.S. § 8522(b)(2). Marks has neither sued any health care employees of a Commonwealth agency medical facility or institution nor a Commonwealth party who is a doctor, dentist, nurse or related health care personnel.

not just a political subdivision administering to county business, but was also acting as a contractor directly on behalf of the state and federal governments.  (Id.)  Additionally, Marks argues that PSTCA is unconstitutional.  (Id. at 2-5.)  We find Marks' arguments to be without merit and unsupported by the law.  The PSTCA does indeed apply to this lawsuit.  Marks' state law claims are dismissed because they do not fall within one of the exceptions to the City's immunity from certain state law claims provided by the PSTCA.

The PSTCA provides immunity from personal injury suits for the Commonwealth's political subdivisions except under limited circumstances.  See 42 Pa. C.S.A. § 8541.  According to Section 8541 of the PSTCA, "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."  Id.  The City is a local agency within the meaning of the PSTCA.[6]  Weinerman v. City of Phila., 785 F. Supp. 1174, 1178 (E.D. Pa. 1992) (citing Walsh v. City of Phila., 585 A.2d 445, 450 (Pa. 1991)).

"'The clear intent of the [PSTCA] was to insulate the government from exposure to tort liability,' so '[t]ort immunity is a non-waivable, absolute defense.'"  Panas v. City of Phila., 871 F. Supp. 2d 370, 375-76 (E.D. Pa. 2012) (quoting McShea v. City of Phila., 995 A.2d 334, 341-42 (2010)).  "This sweeping immunity bars any suit involving an injury, whether the injury is physical, mental, reputational or economic, . . . unless the suit falls within one of the eight exceptions . . . contained in section 8542(b)."  Id. (citation and internal quotation marks omitted).

---

[6]Marks proffers no support for his position that he is suing the City with respect to its duties as a direct contractor for the state rather than as a political subdivision administering to county business.  (Marks' Mem. Law Opp'n Def.'s Partial Mot. to Dismiss at 1.)  It is clear that the City is a local agency within the meaning of the PSTCA and we will treat it as such.

The eight narrow exceptions to immunity provided by the PSTCA are: (1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals.[7]  Id. (citing 42 Pa. C.S.A. § 8542(b)(1)-(8)).

"Further, the injury at issue must have been 'caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties' for the immunity waiver to apply." Id. (quoting § 8542(a)(2)).  "Since 'negligent acts' do 'not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct,' . . . the [PSTCA] shields local government entities from liability for the intentional torts of their employees." Id. (citations omitted).  While the PSTCA provides eight exceptions to the grant of immunity, see 42 Pa. C.S.A. § 8542, none are applicable to this case.

*1. Negligence Claim*

Marks' negligence claim in Count II does not fall within one of the eight specific and limited exceptions to the City's immunity for negligence suits under the PSTCA.  See Panas, 871 F. Supp. 2d at 376 ("Plaintiffs' negligence claim does not fall within one the eight narrow exceptions to the City's immunity from negligence suits, so this claim also fails as a matter of law."); Copenhaver v. Borough of Bernville, No. 02-8398, 2003 WL 26616224, at *7-8 (E.D. Pa. Jan. 10, 2003) (dismissing plaintiffs' negligence claim as barred by the PSTCA because "[n]one

---

[7] In Dorsey v. Redman, the Pennsylvania Supreme Court recently ruled that "the General Assembly, through Section 3172 [of the Probate, Estates and Fiduciaries Code, 20 Pa. C.S.A. § 3172], intended to maintain a protective scheme for preservation of estate assets through the [Probate, Estates and Fiduciaries] Code, and that this scheme persists outside of the scope of governmental and official immunity under the [PSTCA]." 96 A.3d 332, 342 (Pa. 2014).  Based upon this reasoning, the Dorsey Court concluded that the Fayette County Register of Wills was not immune under the PSTCA from liability for an alleged violation of Section 3172.  Id.  The Dorsey ruling does not have any bearing on the issues in our case.

of the enumerated exceptions found in § 8542(b) apply to these facts" and "[w]here the exceptions do not apply, recovery on a negligence theory in barred"). None of the eight enumerated exceptions to immunity laid out in 42 Pa. C.S.A. § 8542(b)(1)-(8) apply to the facts of Marks' negligence claim. We, therefore, grant dismissal on this claim.

   *2. Emotional Distress Claim*

Likewise, Marks' claim for emotional distress in Count III does not fall within any of narrow exceptions set forth in 42 Pa. C.S.A. § 8542. It is unclear whether Marks is asserting an intentional or negligence claim for emotional distress, but it appears that he is asserting a negligent infliction of emotional distress claim.[8] See Compl. ¶¶ 18-19. Any claim by Marks for negligent infliction of emotional distress fails because it does not fall within one of the exceptions to the City's immunity from certain state law claims provided by the PSTCA. See Lakits, 258 F. Supp. 2d at 407 ("Plaintiff's negligent infliction of emotional distress claim is not premised upon a negligent act for which the Borough may be held liable under the Tort Claims Act."); Lumumba v. Phila. Dep't of Human Servs., No. 98-5195, 1999 WL 345501, at *4-5 (E.D. Pa. May 21, 1999) (stating that negligent intentional infliction of emotional distress claim and intentional infliction of emotional distress claim are barred by the PSTCA). As a result, any claim by Marks for negligent infliction of emotional distress against the City is dismissed.

---

[8] In the case that Marks is asserting an intentional infliction of emotional distress claim, which is an intentional tort, it would be dismissed because it does not fit within any of the PSTCA's exceptions. See Travis v. Deshiel, 832 F. Supp. 2d 449, 454 (E.D. Pa. 2011) (dismissing plaintiff's intentional infliction of emotional distress because it does "not fit within any of the [PSTCA's] exceptions"); Lakits v. York, 258 F. Supp. 2d 401, 405 (E.D. Pa. 2003) ("Courts have specifically found that municipalities are immune from claims of 'intentional infliction of emotional distress.'"); Agresta v. City of Phila., 694 F. Supp. 117, 123 (E.D. Pa. 1988) (specifically finding that municipalities are immune from claims of "intentional infliction of emotional distress" under the PSTCA).

8

### 3. Wrongful Death and Survival Act Claims

In Counts IV and V, respectively, Marks asserts wrongful death and survival claims against the City. "These 'claims are not substantive causes of action; rather, they provide a means of recovery for unlawful conduct that results in death.'" Henderson v. City of Phila., No. 12-2602, 2012 WL 3024033, at *2 -3 (E.D. Pa. July 23, 2012) (quoting Sullivan v. Warminster Twp., No. 07-4447, 2010 WL 2164520, at *6 (E.D. Pa. May 27, 2010)). "'[W]rongful death and survival actions sound in tort and are governed by the [Pennsylvania Political Subdivision] Tort Claims Act.'" Id. (quoting Bomstad ex rel. Estate of Bomstad v. Honey Brook Twp., No. 03-3822, 2005 WL 2212359, at *22, n.53 (E.D. Pa. Sept. 9, 2005)); see also Costobile-Fulginiti v. City of Phila., 719 F. Supp. 2d 521, 525 (E.D. Pa. 2010) ("Both of these claims sound in tort and are governed by the Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8501 *et seq*.").

Marks' wrongful death claim and survival claim are barred by the PSTCA. Neither Marks' wrongful death nor his survival claim fall within one of the exceptions to the City's immunity provided under the PSTCA. See Panas, 871 F. Supp. 2d at 376 ("[T]he [PSTCA] . . . bars Plaintiffs' wrongful death and survival claims against the City."); Henderson, 2012 WL 3024033, at *2-3 (dismissing "plaintiff's wrongful death and survival claims because they do not fall within one of the exceptions to the City's immunity from certain state law claims provided by the Tort Claims Act"); Costobile-Fulginiti, 719 F. Supp. 2d at 525 (dismissing plaintiff's wrongful death and survival claims concluding that "[t]he exceptions to [PSTCA's] immunity provision are not applicable here"). Marks' wrongful death and survival claims are dismissed.

## IV. CONCLUSION

All claims against PICC are dismissed because it is a department of the City and does not

have a separate legal identity from the City. As a result, the City is substituted for PICC as the sole Defendant in this case. All of Marks' state law tort claims against the City are barred by the PSTCA, 42 Pa. C.S.A. § 8541. The only remaining claim in this action is Marks' Count I - Constitutional Violations. We, therefore, grant PICC's Partial Motion to Dismiss as to Marks' state law tort claims against the City.

 An appropriate Order follows.