## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JOHNNY EVANS MARKS, as administrator of the Estate of TROY EVANS MARKS, deceased, | : : : | CIVIL ACTION |
| Plaintiff, | : : | |
| v. | : : | No. 14-5168 |
| THE CITY OF PHILADELPHIA, | : : | |
| Defendant. | : : : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                    **MAY 18, 2015**

Presently pending before the Court is a Motion for Summary Judgment filed by Defendant, City of Philadelphia ("the City"), the Response filed by Plaintiff, Johnny Evans Marks ("Plaintiff"), as administrator of the Estate of Troy Evans Marks ("Marks"), and the Replies thereto.   For the reasons set forth below, the City's Motion is granted.

## I.     BACKGROUND

This is a 42 U.S.C. § 1983 ("Section 1983") civil rights action filed by Plaintiff against the City.[1]   See Compl.  On October 26, 2011, Plaintiff states that Marks died while in prison after bleeding to death from esophageal tears.  (Pl.'s Opp'n Def.'s Mot. for Summ. J. at 2.) (citing Ex. 1.)  According to Plaintiff, Marks did not receive proper medical care for his HIV related

---

[1] The Complaint alleges the following: Count I - Constitutional Violations; Count II - Negligence; Count III - Emotional Distress; Count IV - Wrongful Death; and Count V - Survival.  See Compl.  The case was originally filed in state court, but the City removed it to this Court because the action is premised upon constitutional violations.  (See Not. of Removal.)  Previously, the City partially moved to dismiss all of the underlying state law claims and to have the originally named Defendant, Philadelphia Industrial Correctional Center, substituted by the City as a defendant.  The Motion was granted on October 15, 2014.  (Doc. No. 6.)  Thus, the only remaining claim against the City is Section 1983.

illnesses, which included symptoms of profuse bleeding.  (Id.)  Plaintiff alleges that the City,

through the Philadelphia Prison System, bears municipal liability for violating Marks' right to be

free from Cruel and Unusual Punishment under the Eighth Amendment.  See Compl.

Additionally, he alleges that Marks' due process rights under the Fourteenth Amendment were

violated.  Id.  Plaintiff claims that the City is liable pursuant to Section 1983 under the theory of

municipal liability for failing to provide Marks with the medical supervision that he needed and,

if the prison had acted properly, Marks' death could have been prevented.  (See Pl.'s Opp'n

Def.'s Mot. for Summ. J.; Pl.'s Sur-Reply.)

     In the instant Motion, the City moves for summary judgment on the grounds that Plaintiff

has failed to adduce any evidence to support his municipal liability claim against the City.

(Def.'s Mot. for Summ. J.)  We agree.  For the reasons set forth below, the City's Motion for

Summary Judgment is granted.

## II.    <u>STANDARD OF LAW</u>

     Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if there is

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

of law."  See <u>Hines v. Consol. Rail Corp.</u>, 926 F.2d 262, 267 (3d Cir. 1991).  The Court asks

"whether the evidence presents a sufficient disagreement to require submission to the jury or

whether . . . one party must prevail as a matter of law."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477

U.S. 242, 251-52 (1986).  The moving party has the initial burden of informing the court of the

basis for the motion and identifying those portions of the record that demonstrate the absence of

a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  "A fact is

material if it could affect the outcome of the suit after applying the substantive law.  Further, a

dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" Compton v. Nat'l League of Prof'l Baseball Clubs, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Big Apple BMW, Inc. v. BMW of N. Am. Inc., 974 F.2d 1358, 1362-63 (3d Cir. 1992).  "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion.  Tziatzios v. United States, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine issues of material fact, then summary judgment will be granted.  Celotex, 477 U.S. at 322.

III.   **DISCUSSION**

Notably, the City asserts that "[P]laintiff has conducted *no* discovery in this entire litigation." (Def.'s Mot. for Summ. J. at 6.)  The City further states that "Plaintiff has not taken *any* depositions in this matter for fact witnesses, let alone that of a corporate designee for the City of Philadelphia." (Id. at 6-7.)  Additionally, the City states that "Plaintiff has not even requested to see any of the Philadelphia Prison System's written policies concerning the provision of medical care for inmates." (Id. at 7.)  Plaintiff does not refute these allegations. Instead, he focuses on the City's production of documents in arguing that the record shows that

3

the City was deliberately indifferent in the following three ways: (1) the correctional officers failed to timely respond to Marks' cellmate's cries for medical assistance at 6:00 a.m. and 8:00 a.m.; (2) the correctional officers failed to procure medical assistance for Marks when they first observed him to be in distress at about 7:00 a.m.; and (3) the prison failed to adequately supervise the known medical condition, especially given the report by Marks on the evening prior to his death that he was vomiting blood.  (Pl.'s Response Opp'n Def.s Mot. for Summ. J. at 2.)

In Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691 (1978), the Supreme Court held that "a municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Id. at 694.

In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law."  Id.  A government policy or custom can be established in two ways.  Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986).  A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law.  Monell, 436 U.S. at 690; see also Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).

Alternatively, a plaintiff can also plead a Monell claim "where the failure to train

4

amounts to deliberate indifference to the rights of persons with whom the [employees of the municipality] come into contact." <u>City of Canton v. Harris</u>, 489 U.S. 378, 387-88 (1989) (for liability to attach under a failure to train theory, a municipality's failure to train its employees must reflect a deliberate or conscious choice by the municipality such that one could call it a policy or custom). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality - a 'policy' as defined by our prior cases - can a city be liable for such a failure under § 1983." <u>Id.</u> at 389.

With respect to the elements needed to prove a <u>Monell</u> claim against the City, it appears from the record that Plaintiff has not attempted to discover whether the City's employees were acting pursuant to an officially adopted policy or custom.  None of the correctional officers nor City officials possessing information possibly supporting Plaintiff's <u>Monell</u> claim were deposed. Plaintiff failed to conduct any discovery that was reasonably calculated to discover information in support of his <u>Monell</u> claim.  Furthermore, in response to Defendant's Motion for Summary Judgment, Plaintiff has not pointed to any evidence supporting his <u>Monell</u> claim.

Plaintiff's Sur-Reply argues that "the custom or policy element is indeed satisfied by the practice of having corrections officers field requests by inmates for medical services."  (Pl.'s Sur-Reply at 2.)  He goes on to state that "the prisoners themselves have no freedom of movement to access emergency medical treatment; rather, the guards on the units are the gatekeepers for the medical services decisions" and "all medical decisions must first be vetted and approved by the guards on the block."  (<u>Id.</u>)  According to Plaintiff, "[t]his, of course, is the custom (and practice) of all prisons when the inmates are locked in their cells."  (<u>Id.</u>)  Contrary to the summary judgment standard imposed on a non-moving party, nowhere in Plaintiff's briefs does he present

any evidence or caselaw that would support his Monell claim.  Regarding the Monell claim, Plaintiff cannot rely on conclusory statements to oppose a motion for summary judgment, but must rely on evidence.  See Craig v. Collins, No. 13-1873, 2013 WL 5271521, at *9 (E.D. Sept. 17, 2013) (finding defendants are entitled to summary judgment as a matter of law because "[plaintiff] produced no evidence to support his conclusory claim of Monell liability"); Tate v. West Norriton Tp., 545 F. Supp. 2d 480, 490 (E.D. Pa. 2008) (granting summary judgment finding that "[p]laintiff has failed to produce evidence that could support his claim of a West Norriton Township policy or custom that relates to either of the constitutional violations he alleges"); M.B. ex rel. T.B. v. City of Phila., No. 00-5223, 2003 WL 733879, at *8 (E.D. Pa. Mar. 3, 2003) ("Without more than conclusory statements, a reasonable jury could not find that the City's policy or custom caused a constitutional violation."); Sanders v. City of Phila., 209 F. Supp. 2d 439, 442 (E.D. Pa. 2002) ("The plaintiff has failed to meet the standards of Monell . . . because no evidence has been offered by a City of Philadelphia policymaker which shows that [plaintiff's] injuries were a result of the City's 'policy' or 'custom.'"); Martin v. City of Phila., No. 98–5765, 2000 WL 11831, at * 9 (E.D. Pa. Jan. 7, 2000) (granting summary judgment in favor of defendant on Monell claim stating that "[p]laintiff has failed to establish the existence of an official policy or custom other than her vague allegation of a policy of 'apathy and buckpassing'").

IV.  **CONCLUSION**

        Plaintiff has not provided any evidence in support of his Monell claim against the City. Accordingly, we find that Plaintiff has failed to bring a viable claim against the City.

Consequently, the City's Motion for Summary Judgment is granted.  Plaintiff's 42 U.S.C. § 1983 claim against the City is dismissed.

      An appropriate Order follows.